IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, | : | |
| | : | Case No. 1:12-cv-201 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Plaintiff's Motion for |
| VASILIOS ZAPANTIS, et al., | : | Default Judgment (Doc. 16) |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court on Plaintiff PNC Equipment Finance, LLC's ("PNC") Motion for Default Judgment against Defendant William Zapantis. (Doc. 16.) For the following reasons, the Motion is GRANTED.

**I.  Background**

On March 9, 2012, Plaintiff filed suit against William Zapantis, Vasilios Zapantis, and Gricelia Zapantis, asserting claims for breach of guaranty in connection with equipment leases entered into between Defendants and PNC's predecessor in interest, National City Commercial Company, LLC. (Doc. 1.) Summons were executed on all Defendants. (Docs. 5, 9.) On December 6, 2012, after Defendants failed to plead or otherwise defend the case, the Clerk of Court issued an Entry of Default pursuant to Fed. R. Civ. P. 55(a). (Doc. 11.)

Roughly seven months later, on July 1, 2013, Defendants Vasilios Zapantis and Gricelia Zapantis filed a Suggestion of Bankruptcy in this Court, indicating that they had filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida. (Doc. 12.) This Court subsequently Ordered that this case be administratively terminated and

granted the parties leave to move to reinstate the case at such time the parties deemed appropriate. (Doc. 13.)

On January 30, 2015, Plaintiff filed a Motion for Reinstatement. (Doc. 14.) Plaintiff moved the Court to reinstate the case with respect to William Zapantis only, noting that the bankruptcy case filed by Zasilios Zapantis and Gricelia Zapantis was completed and Plaintiff's claims against these Defendants were discharged. The Court granted Plaintiff's motion on March 11, 2014. (Doc. 15.)

Plaintiff now moves for default judgment against Defendant William Zapantis pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 16.) In support of the motion, Plaintiff includes the affidavits of Susan K. Cliffel, lead counsel for Plaintiff, and Tina Bowling, a Recovery Specialist II for PNC. The affidavits detail the lease agreements and associated personal guarantees, as well as the attorneys' fees and costs incurred in this matter. (*See* Docs. 16-1, Bowling Affidavit; 16-6, Cliffel Affidavit.) As set forth in Plaintiff's motion and accompanying affidavits, Plaintiff seeks damages in the principal amount of (a) $132,938.72, plus statutory interest from March 1, 2011, (b) $22,550.00, plus statutory interest from July 1, 2011, and (c) attorneys' fees of $2,434.98 and costs.

**II.     Standard**

Plaintiff's Motion for Default Judgment is governed by Rule 55(b) of the Federal Rules of Civil Procedure, which provides that judgment by default may be entered as follows:

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844.

Grants of default judgment are generally committed to the trial court's discretion, but that discretion is not "unfettered." *Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Default judgments are generally reserved for those relatively "extreme cases" where a party's failure to appear more likely stems from "willful misconduct, carelessness, or negligence" than from some "honest mistake" as to the pendency of a proceeding. *United Coin Meter Co.*, 705 F.2d at 845–46.

**III. Analysis**

Upon review of the record, the Court finds that default judgment is warranted in this case. After being properly served with notice of this lawsuit on April 2, 2012, Defendant William Zapantis has not plead or otherwise defended the claims against him. Defendant's complete failure to respond to Plaintiff's Complaint, Application for Entry of Default, Motion for Reinstatement, or Motion for Default Judgment demonstrates that Defendant has no intention of defending this action. The Court therefore **GRANTS** Plaintiff's Motion for Default Judgment.

**IV. Conclusion**

**DEFAULT JUDGMENT** is **HEREBY ENTERED** in favor of Plaintiff on its claims for breach of personal guaranty. Plaintiff is **AWARDED** a final judgment against Defendant William Zapantis in the principal amount of (a) $132,938.72, plus statutory interest from March 1, 2011, (b) $22,550.00, plus statutory interest from July 1, 2011, and (c) attorneys' fees of $2,434.98 and costs in the amount of $350.

**IT IS SO ORDERED**.

_____s/Susan J. Dlott___
Susan J. Dlott, Judge
United States District Court